CITY OF COLUMBUS, APPELLANT, v. RODGERS, APPELLEE.

(No. 4753—Decided October 15, 1952.)

*Mr. Richard W. Gordon,* city attorney, and *Mr. Walter W. Grelle,* for appellant.

*Messrs. Hamilton & Kramer,* for appellee.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court, affirming a judgment of the Municipal Court of Columbus, sustaining a demurrer to the affidavit.

The defendant was charged with a violation of the "assured clear distance ahead" provision of ordinance No. 1302 of the city of Columbus, which is identical with Section 6307-21, General Code.

The pertinent part of the affidavit is as follows:

"* * * did then and there unlawfully operate a cer-

tain motor vehicle at an excessive speed, to wit, an automobile upon Parsons ave.,—street in said city, said place being a 35 mile-per-hour zone, and which speed was greater than would permit him to bring said automobile to a stop within the assured clear distance ahead; striking another vehicle in the rear * * * contrary to the ordinance 1302 of said city."

It will be observed that the affidavit did not aver at what rate of speed the defendant was driving the motor vehicle.

The sole question for determination is the sufficiency of the affidavit. Ordinance No. 1302, in part, provides:

"* * * no person shall drive any motor vehicle, street car or trackless trolley in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The ordinance provides further:

"*In every charge* of violation of this section the affidavit shall specify the *time, place and speed* at which the defendant is alleged to have driven, also the speed, if any, which this section declares shall be prima facie lawful at the time and place of such alleged violation." (Emphasis ours.)

The defendant contends that the affidavit is insufficient to charge an offense under the ordinance in that the rate of speed was not alleged, as expressly required by the ordinance. This contention was sustained by the lower court. The prosecution contends that it is not necessary to allege the rate of speed; that the rate of speed is difficult to ascertain as a practical matter; and that the latter provision of the ordinance above quoted requires the rate of speed to be alleged only when the defendant is charged with the violation of the provisions of the ordinance which control the rate of speed of motor vehicles.

To give this interpretation to the ordinance the court

would be required to construe it as if it read, ''in every charge of speed violation of this section,'' etc. This would require the court to rewrite the ordinance by judicial decision. This, the court may not do. The court may not give the ordinance the construction suggested by the prosecution merely because the prosecution may encounter some difficulty in securing the proper evidence.

The pertinent words of the ordinance, to wit, ''in every charge of violation of this section'' are sufficiently definite and comprehensive to encompass all charges brought for a violation of this section and were not intended to apply simply to certain charges relative to speed to the exclusion of others.

The prosecution contends that a criminal charge in the language of the statute is generally held to be sufficient. As a general rule this is true, but it is not sufficient to allege the offense in the language of the statute, generally, where the statute itself requires certain specific averments to be made. All the elements necessary to constitute the offense, including specific facts required by the ordinance, must be averred in the affidavit.

In the instant case, it was essential to allege the rate of speed, as the ordinance requires, in order to charge an offense under the ordinance. The omission to do so constituted a fatal defect in the affidavit. The affidavit was insufficient and the demurrer was properly sustained.

We find no error assigned well made.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.